Michael W. Carmel (#007356)
MICHAEL W. CARMEL LTD.
80 E. Columbus Ave.
Phoenix, Arizona 85012
Telephone: (602) 264-4965
Fax: (602) 277-0144
michael@mcarmellaw.com

Proposed Attorneys for Debtor

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>PHOENIX HELIPARTS INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 2:15-bk-12003-DPC<br><br>**MOTION FOR ORDER AUTHORIZING AND APPROVING DEBTOR'S USE OF FUNDS CLAIMED AS CASH COLLATERAL**<br><br>Hearing Date: Not Yet Set<br>Hearing Time: Not Yet Set |

Pursuant to Sections 105(a), 361, and 363 of the Bankruptcy Code, Phoenix Heliparts Inc. ("Debtor"), by and through its proposed counsel, hereby submits this Motion requesting that the Court enter an order authorizing Debtor's use of operating revenues claimed as cash collateral to pay certain ordinary and necessary expenses.

This Motion is supported by: (i) the following Memorandum of Points and Authorities; (ii) the *Declaration of Andy Gutierrez in Support of First Day Motions and Applications* (the "Declaration") filed concurrently herewith; and (iii) the entire record before the Court in this chapter 11 proceeding.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION AND VENUE.

1. On September 18, 2015 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor is authorized to operate its businesses as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Debtor is an Arizona corporation with its principal operations and location of principal assets in Mesa, Arizona. Accordingly, venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND.

4. Debtor is primarily engaged in providing maintenance services, parts sales, engineering, supplement type certification issues, avionics, and structural repairs for aircraft. Debtor specializes in MD Helicopters (particularly the MD 500 and all variants thereof).

5. Debtor's customer base is worldwide, and includes government agencies and private companies such as Boeing, the City and County of Honolulu, the U.S. Department of State, and the Republic of South Korea Army. Debtor operates primarily from its location in Mesa, Arizona, which is where the corporate office resides. A satellite office in Hawaii also provides services there.

6. Debtor's business was founded in 2003 by Tina and Darin Cannon, working out of a garage in Mesa, Arizona. Over the last twelve years, Debtor has grown into a successful business with more than forty employees and a significant customer base.

7. Debtor has five active contracts to provide ongoing services on, and parts for, various aircraft. The majority of aircraft serviced by pursuant to Debtor's active contracts are owned by military and paramilitary agencies, who use them for air rescue, firefighting, and police efforts. Debtor's ability to continue to provide its services and parts for these aircraft is critical to protect human lives.

8.  Further details regarding the Debtor's businesses and reasons for seeking relief under chapter 11 are contained in the Declaration, which is hereby incorporated by reference.

### A. Cash Collateral.

9.  As of the Petition Date, Debtor was indebted to JPMorgan Chase Bank, N.A. ("JPMC") pursuant a business loan in the original principal amount of $750,000 (the "Loan"). The Loan is secured by, among other things, that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Financing Statement made by Tina Cannon, as Trustee of the Cannon Family Trust, as trustor, for the benefit of JPMC, as beneficiary. In connection with the Loan, Debtor delivered that certain Commercial Security Agreement dated December 31, 2014 to JPMC, pursuant to which JPMC asserts a lien on all of Debtor's inventory, chattel paper, accounts, equipment, general intangibles, and all proceeds therefrom.

10. The proceeds Debtor receives from its business operations consisting of revenues, income, proceeds, and profits ("Income") constitute cash collateral as defined in 11 U.S.C. § 363(a) in which JPMC holds a first priority security interest.

11. Debtor requires use of the Income to supplement its cash on hand in order to pay operating expenses, including but not limited to payroll, taxes and insurance, and to pay vendors to ensure Debtor's continued viability, which will preserve its assets for the benefit of all creditors and parties in interest, including JPMC.

### B. Post-Petition Revenues And Expenses Related To Debtor's Operations.

12. Debtor does not have any material cash on hand not claimed as collateral by JPMC. Debtor does not have sufficient unencumbered cash or other assets with which to continue to operate its business absent use of the Income. Debtor's pipeline of post-petition revenue will also be claimed as cash collateral of JPMC. Therefore, Debtor is filing this Motion to obtain entry of an order granting its use of the Income to pay operating expenses, including, but not limited to, payroll, taxes, maintenance, insurance, and other expenses of operation as necessary for an effective reorganization, in the amounts listed and for the purposes set forth in the budget attached hereto as Exhibit A (the "Budget").

Michael W. Carmel, Ltd.
80 E. Columbus Ave., Phoenix, Arizona 85012
Telephone: (602) 264-4965

13. Debtor has significant post-petition expenses that need to be paid. It is in the best interest of Debtor's estate, and all creditors and parties in interest in this chapter 11 proceeding, that Debtor be allowed to pay its ordinary and necessary post-petition expenses.

14. Debtor has agreed as adequate protection for the use of the Income or other diminution in value of the collateral of JPMC and the imposition of the automatic stay (the amount of any such diminution being referred to hereinafter as the "<u>Adequate Protection Obligations</u>"), to provide to JPMC a security interest in and lien upon the Income generated after the Petition Date, in order to secure the Adequate Protection Obligations.

### III. <u>LEGAL ANALYSIS.</u>

15. As the Court is aware, Sections 363(c) and (e) of the Bankruptcy Code provide that a debtor-in-possession may use cash collateral so long as any other person having an interest in the cash collateral is "adequately protected." As a threshold matter, JPMC and its respective interests in collateral is adequately protected through the continuation of Debtor's business, which requires that Debtor uses the Income as described herein.

16. If Debtor is unable to expend funds in accordance with its ordinary business operations, Debtor's estate will decline in value due to, among other reasons, Debtor's inability to retain vital staff and order necessary parts for servicing helicopters. Conversely, JPMC and other creditors' interests in Debtor's collateral will, at minimum, be maintained if Debtor is given the authority to expend these funds. In particular, Debtor will be able to continue fulfilling its obligations to existing customers and under existing contracts.

17. Therefore, to the extent that Debtor's post-petition revenues constitute Income, Debtor requests immediately approval to pay the expenses as explained herein from cash collateral pursuant to the Budget.

WHEREFORE, Debtor respectfully requests that the Court enter an order:

A. Approving Debtor's use of Income to pay ordinary and necessary operating expenses as provided in the Budget; and

B. Granting such other and further relief as the Court deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED this 18th day of September, 2015.

MICHAEL W. CARMEL LTD.

By: /s/ Michael W. Carmel
Michael W. Carmel
80 E. Columbus Ave.
Phoenix, Arizona 85012
Proposed Attorneys for Debtor

# EXHIBIT "A"

**Phoenix Heliparts Inc**
*Weekly Cash Flow*

|  |  | SEP | | OCT | | | |
|---|---|---|---|---|---|---|---|
| Week Ending ------------> |  | 9/25 | 10/2 | 10/9 | 10/16 | 10/23 | TOTAL |
| Beginning Cash | A | 234,183 | 226,749 | 214,437 | 197,101 | 91,500 | |
| **Cash Receipts:** | | | | | | | |
| Asian Aerospace (Prior AR) | | | | 13,090 | | | 13,090 |
| Boeing (Prior AR) | | - | 125,504 | - | 13,074 | | 138,578 |
| City of Mesa (Prior AR) | | | | | | 20,237 | 20,237 |
| Dyncorp (Prior AR) | | | | | 24,236 | | 24,236 |
| Haverfield (Prior AR) | | | 10,200 | | | | 10,200 |
| Honolulu (Prior AR) | | 50,435 | 93,000 | 103,000 | 83,000 | | 329,435 |
| Morin Asset Group (Prior AR) | | | | | | | - |
| Other (Prior AR) | | | 2,789 | 3,100 | 2,231 | | 8,120 |
| Paradise (Prior AR) | | | | | 27,786 | | 27,786 |
| ROK Army (Prior AR) | | - | 26,838 | 2,022 | 58,779 | 58,779 | 146,418 |
| Tina Cannon Loan Payment | | 225,000 | | | | | 225,000 |
| Vinnell (Prior AR) | | | | 67,006 | | | 67,006 |
| **Total Receipts** | B | 275,435 | 258,331 | 188,218 | 209,106 | 79,016 | 1,010,106 |
| **Cash Disbursements:** | | | | | | | |
| COGS: | | | | | | | |
| AP (Critical Vendors) | | (263,842) | (122,939) | (174,225) | (182,227) | | (743,233) |
| AP (Future Costs) | | | | | | (44,625) | (44,625) |
| General & Admin: | | | | | | | |
| Employee Gross Wages | | - | (95,745) | - | (91,952) | | (187,697) |
| **Officer Gross Wages** | | - | (10,577) | - | (10,577) | | (21,154) |
| Payroll Taxes (Employer Only) | | - | - | (7,652) | - | (7,652) | (15,303) |
| 401(k) Contribution | | - | - | (2,507) | - | (2,507) | (5,013) |
| H SA Contribution | | - | - | (3,750) | - | (3,750) | (7,500) |
| Advertising and Promotion | | (3,055) | | | (3,055) | | (6,110) |
| Automobile Expense | | (297) | (297) | (297) | (297) | (297) | (1,485) |
| Bank Service Charges | | | | (500) | | | (500) |
| Bonding Expense | | | | | (125) | | (125) |
| Cleaning | | | | (700) | | | (700) |
| Computer and Internet Expenses | | (2,752) | | (2,752) | | (2,752) | (8,257) |
| Drug Screening | | | | (226) | | | (226) |
| Dues and Subscriptions | | | | (300) | | | (300) |
| Employee Benefits | | | | | (9,700) | | (9,700) |
| Insurance Expense | | | | | | | |
| Liability | | | | | (10,167) | | (10,167) |
| Workers Comp | | | | (4,279) | | | (4,279) |
| Interest Expense | | | (2,990) | (233) | | | (3,223) |
| **Interest Expense - Don Nichols, Director** | | (2,083) | | | | | (2,083) |
| Licenses & Permits | | (50) | | | | | (50) |
| Meals & Entertainment | | (1,091) | (1,091) | (1,091) | (1,091) | (1,091) | (5,453) |
| Merchant Account Fees | | | (263) | | | | (263) |
| Office Expense | | (775) | (775) | (775) | (775) | (775) | (3,873) |
| Postage & Delivery | | (147) | | | | | (147) |
| Printing and Reproduction | | (145) | | | (145) | | (290) |
| Professional Fees | | | (400) | | | | (400) |
| Rent | | | (31,689) | | | | (31,689) |
| Repairs and Maintenance | | (500) | | | (500) | | (1,000) |
| Small tools under 400.00 | | | (321) | | (321) | | (642) |
| Software Licensing | | (2,095) | | | (220) | | (2,315) |
| Telecommunications | | (2,481) | | | | | (2,481) |
| Travel Expense | | (3,556) | (3,556) | (3,556) | (3,556) | (3,556) | (17,780) |
| Utilities | | | | (2,714) | | | (2,714) |
| **Total Operating Disbursements** | C | (282,868) | (270,643) | (205,555) | (314,707) | (67,004) | (1,140,777) |
| **Net Operating Cash Flow** | D=B+C | (7,434) | (12,312) | (17,337) | (105,601) | 12,013 | (130,670) |
| Professional Fees - Bankruptcy Related | E | - | - | - | - | - | - |
| **Ending Cash Balance** | F=A+D+E | 226,749 | 214,437 | 197,101 | 91,500 | 103,512 | 103,512 |